UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ALLEN STEPHENS,

    Petitioner,

v.                                Case No. 09-C-760

MICHAEL THURMER,

    Respondent.

## ORDER

On August 5, 2009, Mark A. Stephens filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Waukesha County Circuit Court of armed burglary and was sentenced to 20 years imprisonment and 20 years extended supervision. He is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Stephens provides three grounds in support of his petition. First, he claims that the trial court should have suppressed statements he made to the police while in custody after he invoked his right to terminate the interrogation. Second, he claims that the prosecutor breached the plea agreement by referencing the presentence investigation report's ("PSI") recommendation that the sentence be made consecutive to another sentence Stephens was already serving. Finally, Stephens claims that his trial counsel was constitutionally deficient for failing to object to the prosecutor's referring to the PSI recommendation at sentencing.

The Supreme Court has held that where an individual in custody invokes his right to remain silent, subsequent statements will be admissible only where the individual's "right to cut off questioning" was "scrupulously honored." *Michigan v. Mosley*, 423 U.S. 96, 104 (1975). Breach of a plea agreement appears to implicate a federal, constitutional issue, based on a defendant's right to due process and the requirement that his waiver of a right to trial be made voluntarily. *Santobello v. New York*, 404 U.S. 257 (1971). Finally, ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). These are at least colorable constitutional issues.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the

2

question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

Stephens raised the same claims he brings in this petition on direct appeal and the Wisconsin Court of Appeals affirmed the judgment on April 23, 2008. He then petitioned the Wisconsin Supreme Court for review, but his petition was denied on July 28, 2008. Stephens next petitioned the United States Supreme Court for a writ of certiorari, which was denied on December 1, 2008. Thus, it appears that Stephens has exhausted his state remedies prior to initiating this federal habeas proceedings.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and

3

(3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this     24th     day of August, 2009.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge