UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ALLEN STEPHENS,

    Petitioner,

v.                                    Case No. 09-C-760

MICHAEL THURMER,

    Respondent.

**ORDER**

On August 5, 2009, Mark A. Stephens filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Waukesha County Circuit Court of armed burglary and was sentenced to 20 years imprisonment and 20 years extended supervision. He is currently incarcerated at Waupun Correctional Institution. This matter is before me on petitioner's motion to proceed *in forma pauperis* and his motion that the Court appoint him counsel. For the reasons stated below, both motions will be denied.

As to Stephens' motion to proceed in forma pauperis, the Court notes that he has already paid the $5 filing fee in these proceedings, so the motion will be denied as moot. The Court will consider the financial information provided in determining Stephens' financial eligibility for the appointment of counsel.

Stephens requests that the Court appoint counsel pursuant to 18 U.S.C. § 3006A. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

Here, petitioner's Application to Proceed Without Prepayment of Fees and Affidavit clearly shows that he is financially eligible for appointment. The question is whether appointment of counsel would serve the interests of justice. In determining whether the interests of justice will be served by the appointment of counsel in a habeas case, the court considers the difficulty of the case and the petitioner's ability. It is significant in most habeas cases that the issues raised in federal court must first have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, the petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise in federal court. The one exception may be where the petitioner is claiming that the attorney or attorneys who represented him in the state court proceedings provided ineffective assistance of counsel. That is true of one of the claims Stephens raises here.

Nevertheless, I am not convinced that appointment of counsel would serve the interests of justice in this case. Stephens appears from his filings to date to have at least an average ability to communicate in writing. In addition, I note that review in a habeas case is of the record that already

2

exists. Thus, there is no need for outside investigation of facts and gathering new evidence. Finally, the issues Stephens has raised in his petition, trial court error for failing to suppress his statements, prosecutorial misconduct and ineffective assistance of counsel, are not so complex that denying his request would result in a miscarriage of justice. While my appraisal of the complexity of the case and Stephen's ability may change as the matter proceeds, I cannot say at this time that the interests of justice require the appointment of counsel. Accordingly, Stephen's request will be denied. The denial is without prejudice, however. In the event circumstances change, I will reconsider Stephen's request.

**THEREFORE IT IS ORDERED** that petitioner's motion for appointment of counsel is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that as petitioner has already paid the $5 filing fee, petitioner's motion to proceed *in forma pauperis* is **DENIED** as moot.

Dated this   3rd   day of October, 2009.

  s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

3

Case 1:09-cv-00760-WCG   Filed 10/06/09   Page 3 of 3   Document 12